UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER J. EMERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1421** |
| **UNITED STATES, LYLE W. CAYCE** | **SECTION: "G" (5)** |

**ORDER AND REASONS**

Plaintiff, Christopher Emerson, a prisoner presently incarcerated in the Michael Unit, Tennessee Colony, Texas, filed the above-captioned *pro se* civil complaint against government officials pursuant to 42 U.S.C. § 1331 under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). With his complaint, Emerson filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. This is a non-dispositive pretrial matter which was referred to the undersigned United States Magistrate Judge pursuant to Local Rule 72.1B(1) and 28 U.S.C. § 636(b).

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, now codified at Title 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Emerson is a frequent litigant in the State of Texas. While incarcerated in Texas, he has filed numerous *pro se* and *in forma pauperis* civil rights complaints in the federal district

courts.  The Court's records establish that at least three of these actions or related appeals were dismissed as frivolous or for failure to state a claim upon which relief may be granted: *Christopher J. Emerson v. Rissie Owens, et al.,* Civil Action No. 1:12-cv-00629-SS (W.D. Tx-Austin 2012); *Christopher J. Emerson v. Rick Thaler,* Civil Action No. 4:11-cv-02367 (S.D. Tx.-Houston 2011) (see also No. 12-20216 5th Cir. Mar. 20, 2013 - sanction warning issued on appeal); *Christopher J. Emerson v. Alan Polunsky, et al.*, Civil Action No. 3:98-cv-00050 (S.D. Tx.-Galveston 1998).

Accordingly, plaintiff may not proceed as a pauper in this action unless he fits within the "imminent danger" exception of § 1915(g).  As his complaint states, he is aggrieved by alleged "callous obstruction and interference" with his federal lawsuits and appeals, and in particular, designation of his previous lawsuits as frivolous.  Emerson's complaint does not demonstrate that he is in imminent danger of serious physical injury.  For the foregoing reasons,

**IT IS ORDERED** that Emerson's motion to proceed *in forma pauperis* is **DENIED** pursuant to Title 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the **CLERK** is instructed to terminate the deficiency notation and entry (Rec. Doc. 1) in connection with plaintiff's complaint.

New Orleans, Louisiana, this  6th   day of       May       , 2015.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**